IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRAFFICKING, LLC | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:14-cv-1002 |
| | § | |
| MADMANN TRADEMARK HOLDING | § | |
| COMPANY, LTD. | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT AND DECLARATORY JUDGMENT

Plaintiff Trafficking, LLC, Original Complaint seeking for a declaratory judgment based on 28 U.S.C. §§ 2201-2202 and a judgment and injunctive relief and declaratory judgment against Madmann Trademark Holding Company, Ltd., regarding claimed trademark infringement, trademark counterfeiting, false designation of origin, palming off, unfair competition, dilution, false advertising, cybersquatting in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* and under the statutes and common law of Texas.

## PARTIES

1.     Plaintiff Trafficking, LLC, is a Texas limited liability company with an address at PO Box 571493, Houston, TEXAS 77257.

2.     Plaintiff's primary business is an annual music festival under the trademark MAVERICK MUSIC FESTIVAL conducted in San Antonio, Texas.

3.     Defendant, Madmann Trademark Holding Company Ltd., a California corporation having its principal place of business at 2850 Ocean Park Blvd, Suite 300, Santa Monica, California 90405

4.     The Registered Agent on file for Defendant is Bill Vuylsteke and is located at 2850 Ocean Park Blvd #300, Santa Monica, CA 90405.

5. Defendant claims it is doing business in the San Antonio Division of the Western District of Texas.

## JURISDICTION AND VENUE

6. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 2201 and 2202 and 15 U.S.C. §§ 1116 and 1121.

7. The suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et seq. and Texas laws on unfair competition and on 28 U.S.C. §§ 1338 and 2201 and 2202.

8. Jurisdiction of this suit is based on the Federal Trademark Act, a/k/a Lanham Act, as amended, 15 U.S.C. §§ 1051 *et seq.*, and Texas statutes and laws on trademarks, trade names, unfair competition, deceptive trade practices, false advertising and dilution and on 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. The suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 *et seq.*

10. Plaintiff's principal business is conducted in Western District of Texas.

11. Plaintiff resides in Western District of Texas.

12. Defendant's goods and services are claimed to have been marketed and sold in Texas.

13. An actual case or controversy exists between Plaintiff and Defendant.

14. A ruling by this Court will settle all disputes between Plaintiff and Defendant.

15. The amount in controversy exceeds the sum or value of $75,000.00.

16. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391(b).

17.     Since 2013, Plaintiff has produced its annual MAVERICK MUSIC FESTIVAL in the Western District of Texas.

18.     Defendant claims it is doing business in Texas, including the Western District of Texas and is actively pursuing business in Texas, including the Western District of Texas.

19.     Furthermore, a substantial portion of the events giving rise to the causes of action described herein occurred in Texas, including Bexar County, San Antonio, TX in the Western District of Texas, and the acts complained of are occurring in Texas, including in Bexar County, San Antonio, TX in the Western District of Texas.

20.     Defendant has opposed the registration of Plaintiff's MAVERICK MUSIC FESTIVAL mark in the United States Patent and Trademark Office in Opposition No. 91214535.

21.     In the oppositions, Defendant asserts that "Opposer owns the exclusive right to use and license the MAVERICK trademark for use with live musical performances by musical bands, motion pictures and other audio/visual works and merchandise relating thereto."

22.     In the opposition, Defendant asserts that "Opposer owns and/or has the exclusive right to use and license a family of MAVERICK Marks for use with live musical performances by musical bands, motion pictures and other audio/visual works and merchandise relating thereto and promote the family of marks together.

23.     In the opposition, Defendant asserts that "Applicant's mark is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, connection, or sponsorship of Applicant's goods and services offered under the MAVERICK MUSIC FESTIVAL mark with the MAVERICK Marks and/or with Opposer or Opposer's activities."

24.     In the opposition, Defendant asserts that "MAVERICK Marks are inherently distinctive and have acquired secondary meaning and are associated with Opposer and the goods

and services offered under the MAVERICK Marks. The MAVERICK Marks are famous within the meaning of the Federal Trademark Dilution Act. Applicant filed the Application after the MAVERICK Marks had become famous, and Applicant seeks to commercially use the applied-for mark MAVERICK MUSIC FESTIVAL."

25.     In the opposition, Defendant asserts that "there is a likelihood of confusion, likelihood of dilution and damage to Defendant if Plaintiff is allowed to use and register its MAVERICK MUSIC FESTIVAL mark.'

26.     In the opposition Defendant asserts that "the maturation of the Application into a registration would cause a likelihood of confusion, mistake, or deception with Opposer and the MAVERICK Marks, a likelihood of association, connection or affiliation with Opposer, the goods and services offered by Opposer under the MAVERICK Marks or as to the origin, sponsorship or approval by Opposer of Applicant's goods or commercial activities, and a likelihood of dilution of the MAVERICK Marks."

27.     In the opposition Defendant asserts that "Opposer would be damaged by the registration of the mark shown in the Application, in that such registration would give Applicant a prima facie exclusive right to the use of MAVERICK MUSIC FESTIVAL, despite the likelihood of confusion, mistake, or deception with Opposer and the MAVERICK mark, or as to the origin, sponsorship or approval by Opposer of Applicant's goods or commercial activities, and likelihood of dilution described above, and will allow Applicant to trade on Opposer's existing goodwill and exclusive rights in the MAVERICK Marks for use with live musical performances by musical bands, motion pictures and audio/visual works and merchandise relating thereto."

28.     Defendant claims Plaintiff has infringed, induced the infringement and/or contributed to the infringement of Defendant's trademarks in the Western District of Texas.

29.     Defendant has demanded that Plaintiff cease all use of MAVERICK MUSIC FESTIVAL in the Western District of Texas and change its name and abandon it trademark application.

30.     Defendant claims Plaintiff has engaged in unfair competition with Defendant in the Western District of Texas.

31.     Defendant claims it has done and regularly does business in the Western District of Texas.

32.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1391.

33.     Furthermore, a substantial portion of the events giving rise to the causes of action described herein have occurred in and/or are continuing to occur in San Antonio, Texas, located in the San Antonio Division of the Western District of Texas.

34.     Defendant claims it has done business throughout Texas including the Western District of Texas.

35.     This suit is also based on the laws of the United States and the Federal Declaratory Judgment Act and the laws of Texas under pendent jurisdiction.

36.     Jurisdiction of the related claims for common law trademark infringement and unfair competition is based upon the provisions of 28 U.S.C. § 1338(b) and pendent jurisdiction.

37.     The Court has jurisdiction on Plaintiff's common law claims under the doctrine of pendent jurisdiction and 28 U.S.C. § 1367.

## BACKGROUND

38.     Plaintiff believes that it will be damaged by the registrations for the marks shown in Registration Nos. 1923439, 1925200, 3998404 in International Class 25, and hereby petitions to cancel same.

39.     The record owner of Registration Nos. 1923439, 1925200, 3998404 is Madmann Trademark Holding Company, Ltd. ("Defendant").

40.     Since at least as early as January 23, 2013, Plaintiff has used its MAVERICK MUSIC FESTIVAL mark entertainment held in San Antonio, Texas in the nature of conducting entertainment exhibitions in the nature of festivals featuring live performances by musical groups; providing a website on global computer networks featuring information on music, musical performances and musical performers, and ticket information for musical performance events; concert booking..

41.     Registration No. 1925200 (the "200 Registration"), filed August 9, 1994, registered on the Principal Register on October 10, 1995, sought to be cancelled, is for the mark MAVERICK, in Int'l Classes 9 for "prerecorded audio and video goods featuring music and musical events, namely records, tapes, discs and motion picture and television films featuring entertainment." and in International Class 41 for "production of motion picture and television films; and music publishing services."

42.     The date of first use in commerce alleged in the 200 Registration is March 2, 1993.

43.     Petition has asserted the 200 Registration against Plaintiff's pending application.

44.     Registration No. 1923439 (the "439 Registration"), filed August 9, 1994, registered on the Principal Register on October 10, 1995, sought to be cancelled, is for the mark

MAVERICK and design, in Int'l Classes 9 for "prerecorded audio and video goods featuring music and musical events, namely records, tapes, discs and motion picture and television films featuring entertainment." and in International Class 41 for "production of motion picture and television films; and music publishing services."

45.     The date of first use in commerce alleged in the 439 Registration is March 2, 1993.

46.     Petition has asserted the 439 Registration against Plaintiff's pending application.

47.     Registration No. 3998404 (the "404 Registration"), filed July 12, 2007, registered on the Principal Register on July 19, 2011, sought to be cancelled, is for the mark MAVERICK and design, in International Class 41 for "Entertainment, namely, live performances by musical bands."

48.     The date of first use in commerce alleged in the 404 Registration is April, 1992.

49.     Petition has not asserted the 404 Registration against Plaintiff's pending application.

50.     Maverick is a commonly used term in the entertainment industry.

51.     Defendant has not produced a sound recording that was marked with Defendant's trademark in over three years.

52.     There is the famous TV show called MAVERICK and a musical band called THE MAVERICKS and the famous NBA basketball team called the MAVERICKS and a music festival called the MAVERICK Festival in the United Kingdom and a movie called MAVERICK and Defendant has acquiesced in and consented to their licensed use and registration of marks including the term maverick in the entertainment field.

53.     Defendant has no control and has exercised no control over the use of MAVERICK by the famous TV show called MAVERICK and a musical band called THE MAVERICKS and the famous NBA basketball team called the MAVERICKS and a music festival called the MAVERICK Festival in the United Kingdom and a movie called MAVERICK.

54.     Defendant has abandoned its marks in the failing to police their use as a trade name, trademark or service mark by its predecessors and others.

55.     Any assignment of any mark including MAVERICK to Defendant was an assignment in gross.

56.     Defendant and its predecessors and others have attempted to improperly divide up the Maverick name, mark and good will.

57.     Defendant and its predecessors and others have entered into agreements to improperly divide up the Maverick name, mark and good will with unrelated parties using Maverick in their names without any licensing or controls.

58.     Defendant and its marks are not famous.

59.     Defendant's marks are not distinctive.

60.     Since 2008 the Maverick label has been in hibernation.

61.     Defendant is not using its mark in connection with all of the goods and services listed in its registrations.

62.     Defendant has never used its mark in connection with some of the goods and services listed in its registrations.

63.     By the early 2000s, Maverick saw its commercial fortunes decline and business operations financially unravel.

64.     Alanis Morissette left Defendant at least as early as 2009 after the release of Flavors of Entanglement and Michelle Branch left at least as early as 2007 after disbanding The Wreckers.

65.     By 2006 Defendant was no longer in operational existence and all its artists were handled thereafter by Warner Bros. directly.

66.     A sound recording with Defendant's marks affixed thereto has not been manufactured in over three years.

67.     A movie with Defendant's marks affixed thereto has not been manufactured in over three years.

68.     A TV show with Defendant's marks affixed thereto has not been manufactured in over three years.

69.     Defendant has not advertised the offering of its services under Defendant's marks in over three years.

70.     There are over 40 registrations or pending applications in International Class 9 including the term MAVERICK.

71.     There are over 40 registrations or pending applications in International Class 41 including the term MAVERICK.

72.     If Defendant is permitted to retain the registrations sought to be cancelled, and the prima facie ownership of and exclusive right to use in commerce of its mark, Plaintiff will be damaged.

73.     The Trademark Examiner has found that Defendant's mark when used in connection with Defendant's services, is not likely to cause confusion, or to cause mistake, or to deceive, about the source or origin of Defendant's services or about Plaintiff's services, or are not

likely to cause consumers to believe that Plaintiff sponsors or approves the services of Defendant, or vice versa.

74. There has been no actual confusion between the parties' marks.

75. Defendant has abandoned its mark in the 120 Registration by discontinuing use as a trademark or service mark for at least three years or without any intent to recommence use.

76. The specimen used to renew the 120 Registration in International Class 9, filed on March 31, 2006, was a photo of a music CD cover for JAGGED LITTLE PILL LIVE that was released July 2, 1997.

77. The specimen used to renew the 120 Registration in International Class 9 on March 31, 2006 was a photo of a music CD cover that was manufactured prior to March 31, 2003.

78. The specimen used to renew the 120 Registration in International Class 9 on March 31, 2006 did not include the mark MAVERICK.

79. The specimen used to renew the 120 Registration in International Class 41 on March 31, 2006 did not include the mark MAVERICK.

80. Defendant's use of the mark in the specimens in the 120 Registration was not a trademark or service mark use.

81. Defendant has abandoned its mark in the 439 Registration by discontinuing use as a trademark or service mark for at least three years or without any intent to recommence use.

82. The specimen used to renew the 439 Registration in International Class 9, filed on March 31, 2006, was a photo of a music CD cover for JAGGED LITTLE PILL LIVE that was released July 2, 1997.

83.     The specimen used to renew the 439 Registration in International Class 9 on March 31, 2006 was a photo of a music CD cover that was manufactured prior to March 31, 2003.

84.     Defendant has abandoned its mark in the 439 Registration in International Class 9 by discontinuing use as a trademark or service mark for at least three years or without any intent to recommence use.

85.     Defendant's use of the mark in the specimens in the 439 Registration was not a trade mark or service mark use.

86.     Defendant has never used the mark in the 404 Registration for the services listed therein.

87.     Defendant has never been a musical band.

88.     Defendant has never performed a live music performance.

89.     Defendant has never provided the services of live performances by musical bands.

90.     Defendant's use of the mark in the 404 Registration was at best a token use.

91.     Defendant's use of the mark in the specimens in the 404 Registration was not a service mark use.

92.     Defendant has abandoned its mark in the 404 Registration by discontinuing use as a trademark or service mark for at least three years or without any intent to recommence use.

## DECLARATORY JUDGMENT THAT THERE IS NO FEDERAL TRADEMARK INFRINGEMENT

93. Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

94. Plaintiff has not used in commerce a reproduction, counterfeit, copy, or colorable imitation of Defendant' MAVERICK marks.

95.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark has been in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's goods and services.

96.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark is not likely to cause confusion of consumers or to cause mistake, or to deceive consumers.

97.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark is not a violation of the Lanham Act.

98.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark has not caused loss of goodwill and profits to Defendant, has not damaged the reputation of Defendant, and has not injured the public by causing confusion, mistake, and deception.

99.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark is not with the knowledge and intent that such use causes confusion, mistake, and deception to the purchasing public.

100.    Plaintiff has not used in commerce a reproduction, counterfeit, copy, or colorable imitation of Defendant's Maverick marks without the consent of Defendant.

101.    Plaintiff's use in commerce of the MAVERICK MUSIC FESTIVAL trademark is not a violation of the Lanham Act.

102.    Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark has not caused loss of goodwill and profits to Defendant, has not damaged the reputation of Defendant and has not injured the public by causing confusion, mistake, and deception.

103.    Pursuant to 15 U.S.C. § 1116(a), Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing use in commerce of the stylized

notched cross with ovals and stylized notched bar with ovals and MAVERICK MUSIC FESTIVAL trademark.

104. Pursuant to 15 U.S.C. § 1117(a), Defendant is not entitled to damages for Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark, any accounting of profits made by Plaintiff, and recovery of Defendant' costs of this action.

105. The use of its MAVERICK MUSIC FESTIVAL trademark by Plaintiff does not makes this an exceptional case entitling Defendant to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

106. Defendant is also not entitled to prejudgment interest on their recovery.

## DECLARATORY JUDGMENT THAT THERE IS NO FEDERAL TRADEMARK COUNTERFEITING

107. Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

108. Plaintiff, without authorization from Defendant, has not used and is not continuing to use spurious designations that are identical to, or substantially indistinguishable from the Defendant's trademarks.

109. Plaintiff, without authorization from Defendant, has not used and is not continuing to use spurious designations that are identical to, or substantially indistinguishable from the Defendant's trademarks without the consent of Defendant.

110. The foregoing acts of Plaintiff are not intended to cause, have not caused, and are not likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Plaintiff's products or services are not genuine or not authorized products or services of Defendant.

108.    Plaintiff has not acted with knowledge of Defendant's ownership of Defendant's trademarks and with deliberate or intentional or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Defendant's trademarks.

109.    Plaintiff's acts do not constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

110.    Upon information and belief, Plaintiff has not made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

111.    Plaintiff's acts have not damaged and will not continue to damage Defendant and Defendant have an adequate remedy at law.

## DECLARATORY JUDGMENT THAT THERE IS NO FEDERAL FALSE DESIGNATION OF ORIGIN OR SOURCE

112.    Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

113.    Plaintiff has not used in commerce a reproduction, counterfeit, copy or colorable imitation of Defendant's trademarks without the consent of Defendant.

114.    Plaintiff has not used in commerce a reproduction, counterfeit, copy or colorable imitation of Defendant's trademarks without the consent of Defendant.

115.    Plaintiff has not used in commerce a reproduction, counterfeit, copy or colorable imitation of Defendant's trademarks without the consent of Defendant.

116.    Plaintiff has a valid and protected trademark in its MAVERICK MUSIC FESTIVAL trademark which identifies the source of the goods and services of Plaintiff.

117.    Plaintiff has not used in commerce a reproduction, counterfeit, copy or colorable imitation of Defendant's trademarks without the consent of Defendant.

118.     Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark and trade dress has been in connection with the sale, offering for sale, distribution, or advertising of Plaintiff's goods and services.

119.     Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark and trade dress is not likely to cause confusion of consumers, or to cause mistake, or to deceive consumers desiring to purchase Defendant's goods and services regarding the source and quality of the services or association with Defendant.

120.     Plaintiff's use of its MAVERICK MUSIC FESTIVAL trademark is not likely to cause confusion, or to cause mistake, or to deceive as to the origin or source of Plaintiff's goods and services.

121.     Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark is not likely to cause consumers to believe that Defendant's and Plaintiff's goods and services come from the same origin or source, or that Defendant sponsor or approve the goods of Defendant, or that Plaintiff and Defendant are somehow affiliated, connected or associated with one another when in fact they are not.

122.     Plaintiff's use in commerce of its MAVERICK MUSIC FESTIVAL trademark has not caused loss of goodwill and profits to Defendant, has not damaged the reputation of Defendant's genuine goods, and has not injured the public by causing confusion, mistake, and deception.

123.     Plaintiff has not used its MAVERICK MUSIC FESTIVAL trademark in commerce with the knowledge and intent that such use cause confusion, mistake, and deception to the purchasing public.

124.     This is not an exceptional case entitling Defendant to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

125.     Defendant is also not entitled to prejudgment interest on its recovery.

126.     The actions of Plaintiff do not constitute unfair competition with Defendant in violation of the federal Lanham Act, 15 U.S.C. § 1125(a).

127.     Pursuant to 15 U.S.C. §1117(a), Defendant is not entitled to damages for Plaintiff's unfair competition, any accounting of profits made by Defendant on sales of confusingly similar products bearing its MAVERICK MUSIC FESTIVAL trademark, and recovery of Defendant's costs of this action.

128.     Plaintiff's unfair competition with Defendant has not been willful and wanton for the purpose of deceiving consumers and injuring the goodwill of Defendant.

129.     Plaintiff's acts make this an exceptional case entitling Defendant to an award of three times its actual damages pursuant to 15 U.S.C. § 1117(a) and recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

130.     Plaintiff's acts are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the market.

131.     Pursuant to 15 U.S.C. § 1116(a), Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing acts.

## DECLARATORY JUDGMENT THAT THERE IS NO TEXAS TRADEMARK INFRINGEMENT

132.     Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

133.     Plaintiff's acts do not constitute trademark infringement under the trademark laws of the State of Texas.

134.     Plaintiff's acts do not entitle Defendant to recover any damages and costs of this action, together with any accounting of profits made by Plaintiff on sales of its services and goods.

135.     The acts of Plaintiff have not been malicious and calculated to injure Defendant.

136.     Defendant is not entitled to an award of its reasonable attorney's fees and exemplary damages against Plaintiff.

137.     Plaintiff's acts do not constitute inducing and contributing to Texas trademark infringement.

138.     Plaintiff's acts are not irreparably injuring Defendant's goodwill.

139.     Further, Defendant has an adequate legal remedy.

140.     Under the trademark laws of the State of Texas, Defendant is not entitled to preliminary and permanent injunctive relief.

## DECLARATORY JUDGMENT THAT THERE IS NO FEDERAL UNFAIR COMPETITION

141.     The factual allegations of the foregoing paragraphs are repeated and realleged as if fully set forth herein.

142.     The actions of Plaintiff do not constitute unfair competition with Defendant in violation of the federal Lanham Act, 15 U.S.C. § 1125(a).

143.     Pursuant to 15 U.S.C. §1117(a), Defendant is not entitled to damages, any accounting of profits made by Plaintiff on sales of Plaintiff's goods and services, and recovery of Defendant's costs of this action.

144.     Plaintiff's acts have not been intentional and for the purpose of deceiving consumers and injuring the goodwill of Defendant.

145.    Plaintiff has not misrepresented the nature, characteristics, qualities, or geographic origin of its or Defendant's goods, services, or commercial activities.

146.    Plaintiff's acts do not make this an exceptional case entitling Defendant to an award of three times its actual damages pursuant to 15 U.S.C. § 1117(a) and (b) and recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

147.    Plaintiff's acts are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the market.

148.    Pursuant to 15 U.S.C. § 1116(a), Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing acts.

149.    Defendant is also not entitled to prejudgment interest on their recovery.

## DECLARATORY JUDGMENT THAT THERE IS NO COMMON LAW UNFAIR COMPETITION

150.    Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

151.    Plaintiff's acts do not constitute unfair competition under the common law of the State of Texas.

152.    Plaintiff's acts do not entitle Defendant to recover any damages and costs of this action, together with any accounting of profits made by Plaintiff on sales of its goods and services.

153.    Plaintiff's acts of have not been malicious and calculated to injure Defendant.

154.    The Plaintiff's conduct does not entitle Defendant to an award of its reasonable attorney's fees and exemplary damages against Plaintiff.

155.    Plaintiff's acts constitute inducing and contributing to unfair competition.

156.     Plaintiff's acts are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the high end western leather goods, and unless enjoined by this Court, will continue to do so.

157.     Further, Defendant has an adequate legal remedy in.

158.     Under the common law of the State of Texas, Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing acts.

## DECLARATORY JUDGMENT THAT THERE IS NO COMMON LAW PALMING OFF

159.     Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

160.     Plaintiff has not palmed off Plaintiff's goods and services as originating from or sponsored by Defendant, in violation of the common laws of the State of Texas.

161.     Plaintiff's acts do not entitle Defendant to recover any damages and costs of this action, together with any accounting of profits made by Plaintiff.

162.     Plaintiff's has not palmed off its goods and services as originating or sponsored by Defendant and have not been malicious and calculated to injure Defendant.

163.     The nature of Plaintiff's conduct does not entitle Defendant to an award of its reasonable attorney's fees and exemplary damages against Plaintiff.

164.     Plaintiff's acts do not constitute inducing and contributing to palming off.

165.     Plaintiff's sales of Plaintiff's goods and services are not as originating or sponsored by Defendant and are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the market.

166.     Further, Defendant has an adequate legal remedy.

167.    Under the common law of the State of Texas, Defendant is not entitled to preliminary and permanent injunctive relief.

## DECLARATORY JUDGMENT THAT THERE IS NO FEDERAL FALSE ADVERTISING

168.    Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

169.    Plaintiff has not made any statements that are literally false and deceive customers.

170.    Plaintiff's statements, whether express or implied, do not have a tendency to deceive consumers.

171.    Plaintiff's statements are not injuring the goodwill of Defendant.

172.    The actions of Plaintiff do not constitute a false or misleading representation of fact in commercial advertising or promotion concerning the nature, characteristics, or qualities of Defendant's company in violation of the federal Lanham Act, 15 U.S.C. §1125(a)(1)(B).

173.    Pursuant to 15 U.S.C. §1117(a), Defendant is not entitled to damages for Plaintiff's advertisements, any accounting of profits made by Plaintiff on sales of any goods and services, and recovery of Defendant's costs of this action.

174.    Plaintiff's statements have not been made willfully and wantonly for the purpose of deceiving consumers.

175.    Plaintiff's acts do not constitute inducing and contributing to the false advertising.

176.    The acts of Plaintiff do not make this an exceptional case entitling Defendant to an award of three times its actual damages pursuant to 15 U.S.C. § 1117(a) and recovery of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

177.     Plaintiff's advertisements are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the market.

178.     Pursuant to 15 U.S.C. § 1116(a), Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing false advertisements.

## DECLARATORY JUDGMENT THAT THERE IS NO COMMON LAW FALSE ADVERTISING

179.     Plaintiff repeats and realleges all of the factual allegations contained herein as though the same were set forth again at length herein.

180.     Plaintiff's acts do not constitute false advertising under the common law of the State of Texas.

181.     Plaintiff's advertising does not entitle Defendant to recover any damages and costs of this action, together with any accounting of profits made by Plaintiff on sales of its goods and services.

182.     The acts of Plaintiff have not been malicious and calculated to injure Defendant.

183.     The nature of Plaintiff's conduct does not entitle Defendant to an award of its reasonable attorney's fees and exemplary damages against Plaintiff.

184.     Plaintiff's acts do not constitute inducing and contributing to the false advertising.

185.     Plaintiff's advertisements are not irreparably injuring Defendant's goodwill and eroding Defendant's share of the market.

186.     Further, Defendant has an adequate legal remedy.

187.     Under the common law of the State of Texas, Defendant is not entitled to preliminary and permanent injunctive relief to prevent Plaintiff's continuing false advertisements.

## DECLARATORY JUDGMENT THAT THERE IS NO
## VIOLATION OF THE ANTI-CYBERSQUATTING PROTECTION ACT

159.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

160.    Defendant does not own and use a distinctive mark in connection with its goods and services.

161.    Defendant has not acquired secondary meaning in its name.

162.    Plaintiff is not using domain names that are confusingly similar or identical to any protected mark of the Defendant.

163.    Plaintiff's domain name was not registered in bad faith seeking to profit by intentionally diverting internet traffic from the Defendant to the websites of the Plaintiff.

164.    Plaintiff was not aware of the Defendant's mark and business name at the time it registered its domain names.

165.    Plaintiff's websites do not tarnish the goodwill established by the Defendant or misleading consumers as to source, affiliation, sponsorship or endorsement of Plaintiff's lawful websites.

166.    Plaintiff had a good faith legal basis for registration of the domain names.

167.    The acts of the Plaintiff are not in violation of 15 U.S.C § 1125(d)(1).

168.    Defendant is not entitled Under 15 U.S.C § 1125(d)(1)(C) of the Lanham Act to have Plaintiff's domain names transferred from the Plaintiff to the Defendant as well as other damages under 15 U.S.C § 1117(a) or 1117(d).

## DECLARATORY JUDGMENT THAT THERE IS
## NO TRADEMARK DILUTION:

169.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

170.    Plaintiff has established a business reputation of its own, by extensively advertising and selling its business under the its mark.

171.    Defendant's business reputation has not created any distinctive quality in the its mark.

172.    Defendant's business name has not acquired secondary meaning.

173.    As a result of this lack of distinctiveness of its mark, despite any claimed use and advertising in connection with Defendant's goods or services, its mark has not become famous and does not identify a single source of goods or services.

174.    Therefore, Plaintiff's continued use of its mark cannot constitute action likely to injure Defendant's business reputation or dilute the quality of the Defendant mark.

175.    As a result of Plaintiff's actions, Defendant has not sustained and will not sustain any dilution of its goodwill and reputation which it claims were established in connection with the use and promotion of Defendant's mark, and which it claims caused the loss of sales and profits.

176.     Plaintiff's offering of goods or services under its service mark and trade name does not foreclose Defendant's market.

177.    The acts of Plaintiff do not constitute trademark dilution of Defendant's mark under the federal Lanham Act, 15 U.S.C. § 1125(c)(1).

178.    The acts of Plaintiff do not constitute trademark dilution of Defendant's mark under the Texas Trademark Act.

## DECLARATORY JUDGMENT THAT PLAINTIFF IN ENTITLED TO A TRADEMARK REGISTRATION:

179.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

180.    There is no likelihood of confusion between Plaintiff's mark and Defendant's mark.

181.    Plaintiff use of its mark is not likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, connection, or sponsorship of Plaintiff's goods and services offered under the MAVERICK MUSIC FESTIVAL mark with the MAVERICK Marks and/or with Defendant or Defendant's activities.

182.    Plaintiff is entitled to register its mark.

183.    Plaintiff request that the Court order the cancellation of U.S. Trademark Registration Nos. 1923439, 1925200, 3998404 pursuant to the Court's powers under 15 U.S.C. § 1119

## DECLARATORY JUDGMENT THAT DEFENDANT'S REGISTRATIONS BE CANCELLED:

184.    Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

185.    The registrations of Defendant's marks in the 120, 439 and 400 Registrations injure Plaintiff.

186.    The registrations of Defendant's marks in the 120, 439 and 400 Registrations should be cancelled in the classes in which they have been abandoned.

187.    Under section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), Defendant is not entitled to registration for its marks because Defendant has abandoned its marks or never used its marks as a trademark or service mark.

188.    Plaintiff believes that it is or will be damaged by the 120, 439 and 400 Registrations, and hereby petitions for cancellation thereof.

189.    Plaintiff respectfully requests its declaratory judgment be granted and that its mark be registered.

190.    Plaintiff request that the Court order the cancellation of U.S. Trademark Registration Nos. 1923439, 1925200, 3998404 pursuant to the Court's powers under 15 U.S.C. § 1119.

## NOTICE OF LITIGATION HOLD REQUIREMENT

191.    Defendant is hereby notified that they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereinafter collectively referred to as "Potential Evidence").

192.    As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media,

peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, Android-based smart phones, Windows-based smart phones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal electronic, digital, and storage devices of any and all of Defendant's agents or employees if Defendant's electronically stored information resides there.

193.    Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify their agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## **JURY DEMAND**

194.    Defendant hereby demands a trial by jury.

## **PRAYER**

WHEREFORE, Defendant prays that:

A.    The Court enter a judgment that Plaintiff's use of its mark is not likely to cause confusion, mistake or deception.

B.    The Court enter a judgment declaring that Defendant's trademark rights have not been infringed;

C.      The Court enter a judgment declaring that Defendant has no exclusive rights in the use of MAVERICK as a trademark.

D.      The Court enter a judgment declaring that Plaintiff has done nothing wrong.

E.      The Court enter a judgment declaring that Plaintiff has not engaged in unfair competition.

F.      The Court enter a judgment declaring that Plaintiff has not diluted any trademark rights of Defendant.

G.      The Court enter a judgment declaring that Plaintiff has engaged in palming off or violated any rights of Defendant.

H.      The Court enter a judgment declaring that there is no likelihood of confusion, mistake or deception between the marks of Plaintiff and Defendant.

I.      The Court enter a judgment declaring that Plaintiff has not diluted Defendant's mark as a result of Plaintiff's use its mark under Texas Bus. & Com. Code § 16.29

J.      The Court enter a judgment declaring that Defendant has no basis for any claim of damages or compensation from Plaintiff.

K.      The Court enter a judgment declaring that Plaintiff has not violated the Anti-Cybersquatting Protection Act as a result of Plaintiff's registration and use of Plaintiff's website.

L.      The Court enter a judgment declaring that its conduct does not constitute false and/or misleading representations or is likely to cause confusion as to the source of origin or source in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and is not a trademark infringement under the Lanham Act and the laws of the state of Texas and has not injured and will not injure Defendant or entitle Defendant to any relief and damages.

M.    The Court enter a judgment declaring that Defendant does not owns the exclusive right to use and license the MAVERICK trademark for use with live musical performances by musical bands, motion pictures and other audio/visual works and merchandise relating thereto.

N.    The Court enter a judgment declaring that Defendant does not own and/or have the exclusive right to use and license a family of MAVERICK Marks for use with live musical performances by musical bands, motion pictures and other audio/visual works and merchandise relating thereto and promote the family of marks together.

O.    The Court enter a judgment declaring that Plaintiff's mark is not likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, connection, or sponsorship of Applicant's goods and services offered under the MAVERICK MUSIC FESTIVAL mark with the MAVERICK Marks and/or with Plaintiff or Plaintiff's activities.

P.    The Court enter a judgment declaring that Defendant's claimed MAVERICK Marks are not inherently distinctive and have not acquired secondary meaning and are not associated with Opposer and the goods and services offered under the MAVERICK Marks.

Q.    The Court enter a judgment declaring that Defendant's the MAVERICK Marks are not famous within the meaning of the Federal Trademark Dilution Act.

R.    The Court enter a judgment declaring that Defendant's did not file its trademark application after the MAVERICK Marks had become famous, and after Plaintiff sought to commercially use the applied-for mark MAVERICK MUSIC FESTIVAL.

S.    The Court enter a judgment declaring that there is no likelihood of confusion, likelihood of dilution and damage to Defendant if Plaintiff is allowed to use and register its MAVERICK MUSIC FESTIVAL mark.'

T.     The Court enter a judgment declaring that the maturation of the Plaintiff's application into a registration would not cause a likelihood of confusion, mistake, or deception with Defendant and the MAVERICK Marks, a likelihood of association, connection or affiliation with Defendant, the goods and services offered by Defendant under the MAVERICK Marks or as to the origin, sponsorship or approval by Defendant of Applicant's goods or commercial activities, and a likelihood of dilution of the MAVERICK Marks.

U.     The Court enter a judgment declaring that Defendant would be not damaged by the registration of the mark shown in the Plaintiff's application.

V.     The Court enter a judgment declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117 and that Plaintiff is entitled to an award of reasonable attorney's fees and costs; and

W.     The Court enter a judgment declaring that Defendant abandoned its trademark rights.

X.     The Court order the cancellation of U.S. Trademark Registration Nos. 1923439, 1925200, 3998404 pursuant to the Court's powers under 15 U.S.C. § 1119;

Y.     The Court order the registration of Plaintiff's mark pursuant to the Court's powers under 15 U.S.C. § 1119;

Z.     Plaintiff be awarded such other relief as the Court deems just and equitable.

Respectfully submitted,

Charles W. Hanor
Hanor Law Firm PC
750 Rittiman Road
San Antonio, Texas  78209
Telephone:  (210) 829-2002
Fax:  (210) 829-2001

By  /s/ Charles W. Hanor
Charles W. Hanor
Texas Bar No. 08928800

ATTORNEYS FOR PLAINTIFF

Wednesday, November 12, 2014